**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS LOPEZ-PALOMARES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-236

Agency No.
A205-712-421

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023**
Pasadena, California

Before: M. SMITH, HAMILTON, and COLLINS, Circuit Judges.***

Petitioner Luis Lopez-Palomares, a citizen of Mexico, challenges the

Board of Immigration Appeals' (BIA) dismissal of his appeal from the

Immigration Judge's (IJ) denial of his application for asylum, withholding of

removal, and protection pursuant to the Convention Against Torture (CAT).

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David F. Hamilton, United States Circuit Judge for
the Court of Appeals, Seventh Circuit, sitting by designation.

We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Because the parties are familiar with the facts, we do not recount them here except as necessary to provide context. We review legal questions de novo and factual determinations for substantial evidence. *Tomczyk v. Garland*, 25 F.4th 638, 643 (9th Cir. 2022) (en banc) (citing *Ixcot v. Holder*, 646 F.3d 1202, 1206 (9th Cir. 2011)). Because the BIA affirmed the decision of the IJ and incorporated portions of the IJ's decision, "we treat the incorporated parts of the IJ's decision as the BIA's." *Maie v. Garland*, 7 F.4th 841, 845 (9th Cir. 2021).

1. Assuming Petitioner did not waive his challenge to the BIA's finding that he failed to establish a causal nexus between a protected ground and the persecution he fears, substantial evidence supports that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (requiring asylum applicants to show that a protected ground is "at least one central reason" for persecution); *id.* § 1231(b)(3)(C) (requiring withholding applicants to show that a protected ground is "a reason" for persecution). Petitioner fears persecution on account of membership in the particular social group of his family. He testified that one of his brothers was severely beaten and another brother was kidnapped by unknown perpetrators in their hometown of Leon, and he believes that the perpetrators of those attacks will harm him if he returns to Mexico. However, the record does not compel the conclusion that Petitioner would be targeted based on his association with his brothers.

2. Substantial evidence also supports the BIA's determination that

Petitioner has not established that he is more likely than not to be tortured by or with the acquiescence of the Mexican government if removed. *See* 8 C.F.R. §§ 1208.16(c)(1)–(2), 1208.18(a)(1). Petitioner argues that his testimony and country reports show widespread organized crime and corruption in the Mexican government. But "generalized evidence of violence and crime in Mexico is not particular to Petitioner[] and is insufficient to meet th[e] standard" for CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *see also Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (requiring applicants for CAT relief to show a "particularized threat of torture" (emphasis omitted) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004))).

**PETITION DENIED.**